## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUGENE J. HEASLEY, JR.        )
                                 ) No. 20-1166

       v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed an application for supplemental social security income

disability benefits under the Social Security Act, based on physical and mental impairments. His

application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"). The

Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions

for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and

Defendant's granted.

### OPINION

### I.       STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by

statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review

the transcripts and records upon which a determination of the Commissioner is based, and the

court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to

support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently."  Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.    THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred in failing to consider the opinion of treating provider of Kelly Kay, M.D.; failing to properly consider Listing introduction at 2.00C. for Special Senses; failing to consider the cumulative and combined effect of Plaintiff's neurological disorders, obesity, sleep apnea, vertigo and dizziness, migraines, impaired balance, and fatigue; and failing

to pose a proper hypothetical to the vocational expert ("VE").  Because Plaintiff's challenges

overlap, they will not be addressed seriatim.

.          Plaintiff contends that the ALJ failed to properly consider Dr. Kelly Kay's statement that

Plaintiff has frequent attacks of vertigo, or failed to comment on her progress notes or specific

pieces of evidence related to vestibular testing. He suggests that this failure impacts the ALJ's

omission of Listing 2.00 C, and the hypothetical question posed to the vocational expert ("VE").

The failure to consider a specific Listing does not require remand, if the ALJ considered the

probative evidence and sufficiently explained her conclusion. Ortiz v. Colvin, No. 14-4805, 2016

U.S. Dist. LEXIS 4499 (D.N.J. Jan. 14, 2016).  Moreover, an ALJ is not required to discuss or

cite to every piece of evidence in detail, or connect every dot. Cf.  Dease v. Saul, No. 18-5106,

2020 U.S. Dist. LEXIS 56392, at *26 (E.D. Pa. Mar. 31, 2020).  The ALJ addressed Dr. Kay's

opinion, and adequately explained that the opinion did not evaluate functional limitations. The

ALJ explicitly considered vertigo and dizziness as severe impairments. Further, Plaintiff's

contentions regarding Listing 2.00C are unclear. In light of all the evidence presented, the ALJ's

relevant conclusions are adequately supported.

Plaintiff also contends that the ALJ failed to properly consider his sleep apnea and

obesity, or account for those conditions in the hypothetical to the VE. Plaintiff is correct that an

ALJ must meaningfully consider the effect of a claimant's sleep apnea and obesity, individually

and in combination with his impairments. Cf. Austin v. Comm'r of Soc. Sec., No. 16-1462, 2018

U.S. Dist. LEXIS 24076, at *16 (D.N.J. Feb. 14, 2018). "An ALJ fulfills his obligation to

consider a claimant's impairments in combination with one another if the ALJ explicitly indicates

that he has done so, and there is 'no reason not to believe him.'" See, e.g., Samperi v. Berryhill,

No. 18-9382, 2019 U.S. Dist. LEXIS 54092 (D.N.J. Mar. 29, 2019) (quoting Morrison ex rel.

Morrison v. Comm'r of Soc. Sec., 268 F. App'x 186, 189 (3d Cir. 2008)).  In this case, the ALJ

explicitly considered Plaintiff's sleep apnea and obesity, finding the latter to be a severe

impairment. Additionally, a hypothetical to the VE need not mention diagnoses or conditions;

instead, it must account for credibly established limitations or impairments. See Rutherford v.

Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).  Plaintiff does not sufficiently explain, in light of all

of the medical evidence, how the hypotheticals at bar failed to do so.

## CONCLUSION

While the Court empathizes with Plaintiff's difficulties, the evidence cannot be re-

weighed at this stage. The ALJ's opinion is supported by substantial evidence, and Plaintiff's

Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: December 9, 2021

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EUGENE J. HEASLEY, JR.  )
　　　　　　　　　　　　 )  No. 20-1166
　　　v.　　　　　　　　 )

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

**ORDER**

AND NOW, this ___9th___ day of December, 2021, it is hereby ORDERED, ADJUDGED, and

DECREED that Plaintiff's Motion is denied, and Defendant's granted.

　　　　　　　　BY THE COURT:

　　　　　　　　_____

　　　　　　　　Donetta W. Ambrose
　　　　　　　　Senior Judge, U.S. District Court